IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD E. PROCTOR, JR.,          :
                                 :
          Plaintiff,             :
                                 :
     v.                          :   Civil Action No. 04-1243-JJF
                                 :
G. COVENTRY, et al.,             :
                                 :
          Defendants.            :

Ronald E. Proctor, Jr., Pro se Plaintiff.


Lisa Barchi, Esquire, Deputy Attorney General, Delaware
Department of Justice.
Attorney for Defendant.


**MEMORANDUM OPINION**


January 25, 2006
Wilmington, Delaware

*Joseph J. Farnan Jr.*

Farnan, District Judge.

Pending before the Court is State Defendants' Motion To Dismiss/Summary Judgment (D.I. 25).  The Court will exclude the matters outside the pleadings presented by Defendants and will treat the Motion as a motion to dismiss.  For the reasons discussed, the Motion will be granted.

## BACKGROUND

Pro se Plaintiff, Ronald E. Proctor, Jr., is an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Defendants G. Coventry ("Coventry"), Sgt. W. Faust ("Faust"), and Lt. Salas ("Salas") are correctional officers at DCC.  Defendant Dr. Brown is a physician employed in DCC's medical department. Defendant Brian Engrem ("Engrem") is a paralegal employed in DCC's law library.  Plaintiff also names an anonymous defendant, Lt. John Doe I, but does not further identify or describe him.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. Although Plaintiff's Amended Complaint (D.I. 16) does not allege any specific constitutional violation, it appears to imply violations of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right of access to the courts.  Specifically, Plaintiff claims that Defendants used excessive force against him, failed to protect him, failed to provide him with adequate medical care, and denied him access to the courts.

1

DCC regulations do not permit inmates to carry mail, with
the exception of institutional grievances, out of the building in
which they are housed.  The Parties agree that on the morning of
August 17, 2004, correctional officers stopped Defendant when he
attempted to carry a letter outside of the building.  Although
the parties' versions of subsequent events diverge somewhat with
respect to minor details, they are largely in agreement.

As Plaintiff walked past Officer Coventry, Officer Coventry
twice asked him where he was going with the letter.  Plaintiff
did not respond to either inquiry, so Officer Coventry attempted
to stop him by grabbing him by the arm.  Plaintiff admits that he
began cursing at the correctional officers present and
threatening them with physical harm when they questioned him
about the letter.  Officer Faust came to the assistance of
Officer Coventry and Plaintiff was pushed up against a fence to
restrain him so that the correctional officers could confiscate
the letter for inspection.  Officer Faust ordered Plaintiff
numerous times to stop resisting.  Plaintiff continued responding
to the correctional officers' orders with profanity and threats
until he was returned to his cell.

Plaintiff does not allege that he suffered any specific
physical injury as a result of this incident.  Plaintiff's
deadline to file a response to Defendants' Motion was January 4,
2006.  Plaintiff did not file a response.

## DISCUSSION

### I.   Standard of Law

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994).  The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief can be granted rests on the movant.  Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

3

## II.  Use of Excessive Force

In order to state a claim for violation of the Eighth Amendment through the use of excessive force by correctional officers, a plaintiff must allege that the officers' application of force was not made in a good faith effort to maintain or restore discipline.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986)(citations omitted).  To decide whether force was used in good faith, a court should weigh the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, the threat reasonably perceived by the responsible officials and the efforts made to temper the severity of a forceful response.  Hudson v. McMillian, 503 U.S. 1,7 (1992)(citing Whitley, 475 U.S. at 321).

Plaintiff admits that his failure to acknowledge Officer Coventry's inquiries about the letter started the incident, that he was uncooperative, and that he used obscene and threatening language against Defendants.  In addition, Plaintiff does not allege that he suffered any specific physical injury as a result of this incident.  The Court concludes that Plaintiff's factual allegations amount to a description of a good faith effort by Defendants to restore discipline.  Thus, Plaintiff does not state a claim upon which relief can be granted with respect to the claim of use of excessive force.  Accordingly, the Court will grant Defendants' Motion to Dismiss with respect to that claim.

4

### III.   Failure to Provide Adequate Medical Treatment

Broadly construed, Plaintiff's Amended Complaint alleges
that Dr. Brown violated Plaintiff's Eighth Amendment rights by
failing to provide him with adequate medical treatment.  In order
to establish an Eighth Amendment claim for denial of medical
treatment "a prisoner must allege acts or omissions sufficiently
harmful to evidence deliberate indifference to serious medical
needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The
defendant's action or failure to act must constitute "an
unnecessary and wanton infliction of pain" or be "repugnant to
the conscience of mankind."  Id.  The standard of deliberate
indifference is met only if the plaintiff can show that the
defendant knew of the prisoner's condition and chose to ignore a
substantial risk to the prisoner's health or safety.  Farmer v.
Brennan, 511 U.S. 825, 837 (1994).

Here, Plaintiff has not adequately alleged that he had any
serious medical need.  His only allegation with respect to
medical care is, in full: "At 250 p.m. Dr Brown refused to order
proper medical care and from date of incident 8-17-04 to 8-20-04
mailing 'no' emergency medical care was provide that Dr. Brown
ordered." [sic] (D.I. 16.)  Without some allegation of the nature
and seriousness of Plaintiff's condition, the Court cannot
conclude that Plaintiff suffered from a serious condition, or
that Dr. Brown was deliberately indifferent to it.  Therefore,

the Court concludes that Plaintiff fails to state a claim upon which relief can be granted with respect to the claim of failure to provide adequate medical treatment.  Accordingly, the Court will grant Defendants' Motion To Dismiss with respect to that claim.

## IV.   Failure To Protect And Denial Of Access To The Courts

At the bottom of the first and third pages of Plaintiff's Amended Complaint are notations indicating that the Amended Complaint includes claims of "non access to court since 2-3-05." In the paragraph of the Amended Complaint specifying the relief requested are the words "failure to protect."  These, however, are the only references to the claims of failure to protect and denial of access to the courts.  The Amended Complaint does not allege any facts in support of these claims.  Therefore, the Court concludes that, with respect to these claims, Plaintiff fails to state claims upon which relief can be granted. Accordingly, the Court will grant Defendants' Motion To Dismiss with respect to these claims.

CONCLUSION

Having concluded, for the reasons discussed, that Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted, the Court will grant State Defendants' Motion To Dismiss (D.I. 25).

An appropriate Order will be entered.